**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARLOS CALDERON PARRA, *Plaintiff*, v. DELIA's RESTAURANT LLC, dba LA TIA DELIA RESTAURANT, and JORGE CORTEZ, individually, *Defendants*. | Civil Action No. 21-10645 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter arises out of allegations that Defendants failed to pay Plaintiff minimum wage and overtime as required by federal and state law. Plaintiff's Amended Complaint claims that Defendants are liable pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New Jersey Wage Payment Law, N.J.S.A. § 34:11-56a *et seq.* ("NJWPL"). Currently pending before the Court is Defendants' unopposed motion to vacate the Clerk of the Court's entries of default and file an answer.[1] D.E. 23. The Court considered the submission[2] and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the following reasons, Defendants' motion is **GRANTED**.

---

[1] While the motion at times refers only to Defendant Cortez, Defense counsel represents both Defendants and the Court will construe the motion as seeking to vacate the defaults entered against both Cortez and Delia's Restaurant LLC.

[2] The only submission is the motion itself. D.E. 23. Plaintiff did not file any opposition.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his initial Complaint against Delia's Restaurant LLC, and its principal, Jorge Cortez, on May 4, 2021, alleging that Defendants engaged in a practice of requiring Plaintiff to regularly work in excess of forty hours per week without paying overtime compensation. D.E. 1 ¶¶ 1-2. Defendants failed to respond to the Complaint, and Plaintiff requested that the Clerk enter default on August 3, 2021. D.E. 4. The Clerk entered default as to both Defendants on August 4, 2021. Plaintiff filed an Amended Complaint on September 27, 2021. D.E. 5 ("Am. Compl."). On September 30, 2021, the undersigned vacated default as to both Defendants and directed that summonses be issued as to the Amended Complaint. D.E. 6. Cortez filed an Answer to the Amended Complaint *pro se* on November 15, 2021. D.E. 8. The Clerk entered default against Delia's Restaurant LLC on March 2, 2022.[3] Thereafter, Cortez repeatedly failed to appear before Magistrate Judge Wettre. *See* D.E. 19 at 1-2. Magistrate Judge Wettre then ordered Cortez to appear in person to show cause why his answer should not be stricken and default entered against him. D.E. 18. Cortez again failed to appear, and Magistrate Judge Wettre found that "due to [Cortez's] failure to comply with the Court's orders or otherwise participate in the action since filing his Answer, this case has been stalled for several months." D.E. 19 at 2.

Magistrate Judge Wettre issued a Report & Recommendation ("R&R") recommending that the Court strike Defendant Cortez's answer and enter default against him. D.E. 19. On February 10, 2023, the undersigned adopted the R&R in its entirety, ordered that Defendant Cortez's Answer, D.E. 8, be stricken, and ordered the Clerk to enter default against Defendant Cortez. D.E.

---

[3] The Clerk apparently construed the Answer as being filed solely on behalf of Defendant Cortez, and thus considered Delia's Restaurant LLC as having failed to plead or otherwise defend. In addition, the Answer could not have been filed on behalf of Delia's Restaurant LLC because an entity may only appear through counsel in federal court. *United States v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993)).

22. The present motion followed, in which Defendants, now represented by counsel, request that the Court vacate the defaults and grant leave to file an answer. D.E. 23. Plaintiff does not oppose the motion.

## II. LEGAL STANDARD AND ANALYSIS

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The decision to set aside an entry of default is "left primarily to the discretion of the district court." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir.1951)). The Third Circuit disfavors defaults and prefers decisions on the merits. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982) (citation omitted). Courts are required to consider the following four factors when deciding to vacate an entry of default: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 419-20 (3d Cir. 1987)).

Mindful of the Third Circuit's preference that cases be disposed of on the merits, the Court proceeds to apply the factors. As to the first factor, Plaintiff has not opposed the motion and thus has not raised any prejudice he would suffer by a vacatur of the defaults. *Laurier v. D'ilio*, No. 15-6043, 2017 WL 1050578, at *2 (D.N.J. Mar. 20, 2017) (vacating default after finding that "[p]laintiff has not opposed this motion [to vacate] and therefore has not indicated, nor does this Court conclude, he will be prejudiced by [d]efendants' delay"); *see also Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) (citation omitted) ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a

3

default judgment entered at an early stage of the proceeding."). The Court does not see any obvious prejudice to Plaintiff, and thus this factor weighs in favor of vacatur.

The second factor is whether Defendants can assert a *prima facie* meritorious defense. A defendant sufficiently asserts a meritorious defense where "the allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *Tozer*, 189 F.2d at 244. A defendant "'does not have to show that [he] will prevail at trial; rather, all [he] must show is that, on its face, [his] defense is *litigable.*'" *Beauty Plus Trading Co. v. Bee Sales Co.*, No. 15-8502, 2017 WL 706604, at *3 (D.N.J. Feb. 21, 2017) (emphasis in original) (quoting *Glashofer v. N.J. Mfrs. Ins. Co.*, No. 15-3601, 2016 WL 4204549, at *3 (D.N.J. Aug. 9, 2016)). While Defendants did not file a proposed answer with the present motion, in his since stricken *pro se* Answer, Cortez claimed that Plaintiff was "paid for all his work." D.E. 8 at 4. If Plaintiff was in fact paid the appropriate rate for all his work, that would constitute a complete defense to Plaintiff's claims. Defendants have since retained counsel, who the Court trusts will work diligently to develop this defense or others. Thus, this factor weighs in favor of vacatur.

The third factor considers whether a defendant is culpable in the default—*i.e.*, whether the defendant "acted willfully or in bad faith." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982); *Paris v. Pennsauken Sch. Dist.*, No. 12-7355, 2013 WL 4047638, at *4 (D.N.J. Aug. 9, 2013) ("[I]n the context of a Rule 55(c) motion, the definition of 'culpable conduct' dictates that the non-responding defendant 'willfully' engaged in conduct that demonstrates 'flagrant bad faith.'"). Defendants' new counsel, Paul E. Fernandez, Esq., certified that the entry of default occurred because "Defendant was representing himself and upon receipt of Complaint was unaware of how to proceed after he submitted his Pro Se Answer" and notes that the "Defendant does not speak English, which has made it difficult for him to understand proceedings

4

and further represent himself in this case." D.E. 23 ¶¶ 2-3.  The Court does not have any evidence demonstrating that Defendant Cortez's failures to appear before Magistrate Judge Wettre, or Delia's Restaurant LLC's failure to plead or otherwise defend, were either willful or in bad faith. *See U.S. Mortg. Corp. v. Cotton State Mortg., Inc.*, No. 06-956, 2007 WL 2437826, at *2 (D.N.J. Aug. 23, 2007) (vacating default against a *pro se* defendant who "did not realize he had been named as a defendant in [the] lawsuit" after noting that the plaintiff "pointed to no evidence that [defendant's] failure to answer was done willfully or in bad faith").  Because there is no evidence that Defendants acted willfully or in bad faith, the third factor weighs in favor of vacating the defaults.

Finally, the fourth factor requires the Court to consider the effectiveness of alternative sanctions.  The Third Circuit instructs that "[w]ithout a doubt, cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).  "[D]efaults are drastic sanctions, termed 'extreme' by the Supreme Court[.]" *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). Plaintiff has not opposed the motion and thus has not indicated that alternative sanctions are necessary or appropriate.  Further, Mr. Fernandez's Certification indicates that Cortez's prior failures to appear were due to a misunderstanding of the proceedings, which will not continue given counsel's presence in the case. D.E. 23 ¶¶ 2-3.  Thus, the Court finds vacatur is appropriate and that no alternative sanction is necessary or appropriate at this time.  Ultimately, all factors weigh in favor of vacating the defaults.  Therefore, the Court will vacate the Clerk's entries of default and grant Defendants leave to file an answer.

### III. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 12th day of April 2023,

**ORDERED** that Defendants' motion to vacate the Clerk's entries of default, D.E. 23, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court's entry of default against Jorge Cortez is hereby **VACATED**; and it is further

**ORDERED** that the Clerk of the Court's entry of default against Delia's Restaurant LLC is hereby **VACATED**; and it is further

**ORDERED** that Defendants shall file an answer to the Amended Complaint, D.E. 5, within twenty-one (21) days of this Order.

_____
John Michael Vazquez, U.S.D.J.