UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS CALDERON PARRA,<br><br>Plaintiff,<br><br>v.<br><br>DELIA'S RESTAURANT LLC, d/b/a<br>LA TIA DELIA RESTAURANT, and<br>JORGE CORTEZ, individually,<br><br>Defendants. | Civil Action No. 21-10645 (MEF) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER APPROVING FLSA SETTLEMENT** |

This matter comes before the Court on the parties' joint motion for final settlement approval. (ECF No. 39). The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings. (ECF No. 41). The Court makes the following findings of fact and conclusions of law in approving the settlement.

I.  **Background and Procedural History**

1. The parties' proposed settlement resolves plaintiff's wage claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq*.

2. Plaintiff Carlos Calderon Parra commenced this action on May 4, 2021, against his former employer, defendant Delia's Restaurant LLC and its owner and manager, defendant Jorge Cortez. Plaintiff alleges that defendants failed to pay him the minimum wage and overtime pay for time worked as a line cook in excess of forty hours per week, in violation of the NJWHL and the FLSA. (Am. Compl., ECF No. 5). After being served with the amended complaint, defendant Cortez, representing himself *pro se*, submitted an Answer on November 15, 2021. (ECF No. 8). On May 31, 2022, after

defendants failed to appear at multiple hearings, including a Show Cause Hearing, this Court entered a Report and Recommendation recommending that defendants' Answer be stricken, and that default be entered. (ECF No. 19). The District Court adopted the Report and Recommendation on February 10, 2023, and default was entered against defendants. (ECF No. 22). Thereafter, on February 27, 2023, defendants, now represented by counsel, filed a motion to vacate the Clerk's entry of default and to file an Answer (ECF No. 23). The District Court granted the motion on April 12, 2023 (ECF No. 25), and defendants proceeded to submit an Answer on May 2, 2023, generally denying plaintiff's allegations. (ECF No. 26).

3. Thereafter, the undersigned began supervising pretrial discovery and held an initial scheduling conference on May 31, 2023. After the Court entered a Pretrial Scheduling Order (ECF No. 28), the parties proceeded to engage in discovery while simultaneously conducting settlement negotiations.

**II.     Settlement**

4. On February 20, 2024, plaintiff wrote to advise the Court that the parties had reached a settlement in principle. (ECF No. 36). The Court then conducted a telephonic status conference, during which the Court confirmed that defendants would be executing the settlement agreement. In addition, in light of the parties reaching a settlement, the Court entered an Administrative Termination Order pending the consummation of the agreement and setting a date by which to submit a motion for settlement approval. (ECF No. 38).

5. The parties agreed to settle this case for a total amount of $2,500.00 (the "Settlement Amount") in full satisfaction of plaintiff's claims and his attorneys' fees and costs. (ECF No. 39-1 at ¶ 2).

6. The parties further agreed that the settlement sum is to be paid in a single installment by two checks sent to Jaffe Glenn Law Group, P.A., counsel for plaintiff, and distributed as follows:

    a. A payment to plaintiff Carlos Calderon Parra in the sum of $1,875 as payment for back wages. (ECF No. 39-1 at ¶ 2).

    b. A payment to Jaffe Glenn Law Group, P.A. of $625 for attorneys' fees and costs. (*Id*.).

### III. Final Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

9. The Court determines that plaintiff's agreement to settle for $2,500 constitutes a compromise of a bona fide dispute for two principal reasons. First, defendants maintain that they paid plaintiffs in full compliance with the applicable laws and admit no liability. (ECF No. 39 at 3). Accordingly, there is no guarantee that plaintiff would be able to adequately demonstrate his losses nor that he would prevail at trial. Second, defendants have asserted throughout this litigation that the business entity that employed plaintiff is financially troubled and near bankrupt, if not insolvent. (ECF No. 31; ECF No.

39 at 3). Thus, by permitting plaintiff to collect approximately forty percent of his alleged losses, the settlement forecloses the risk of defendants being unable to pay a more substantial award of damages should plaintiff ultimately prevail at trial. The settlement thus serves as a reasonable compromise of the disputed claims.

10. Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

11. The parties have submitted a final settlement agreement, which has been reviewed by the Court. (ECF No. 39-1). The Court finds the release provisions contained therein fully comply with applicable law. (*See* ECF No. 39-1 ¶ 3). Although the release clause could be interpreted to go beyond a release of the wage claims, the Court hereby directs for all future purposes that the release be construed as limited to wage-related claims asserted in this action.

12. Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement (ECF No. 39-1) and approves the payment to be made to plaintiff in the amount stated in the Settlement Agreement.

IV. **Award of Attorneys' Fees and Costs**

13. Plaintiff's Counsel seeks $625 in fees and reimbursement for costs.

14. Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling plaintiff's claims.

15. The fees requested represent well less than one-third of the total settlement amount, which has been held to be fair and reasonable in this district. *See Brumley*, 2012

WL 1019337, at *12 (collecting cases where attorneys' fees of approximately 30 percent of settlement funds were found reasonable).

16.     The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorneys' fees and costs in the amount of $625.

**V.      Conclusion and Dismissal**

17.     The Court approves the terms and conditions of the Settlement Agreement.

18.     The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

19.     The Clerk of the Court is directed to terminate the motion at ECF No. 39.

20. The action is hereby dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement. The Clerk of the Court shall mark the case CLOSED.

**It is so ORDERED this 11th day of June 2024**.

                                           *s/ Leda Dunn Wettre*
                                           Leda Dunn Wettre
                                           United States Magistrate Judge